IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| ALICE BIBLE, | ) |
| Plaintiff, | ) Case No. |
| v. | ) JUDGE |
| PARKER HANNIFIN CORP. LTD BENEFIT FUND, | ) **NOTICE OF REMOVAL** |
| Defendant. | ) |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Parker Hannifin Corporation ("Defendant"), incorrectly named in the Complaint as Parker Hannifin Corp. Ltd. Benefit Fund, by and through the undersigned counsel, hereby files this Notice of Removal to this Court of an action pending against it in the Chancery Court of Greene County, Tennessee. In support of this Notice of Removal, Defendant states as follows:

1. On or about September 9, 2013, Plaintiff Alice Bible ("Plaintiff") commenced an action against Parker Hannifin Corp. Ltd Benefit Fund in the Chancery Court of Greene County, Tennessee, titled *Alice Bible v. Parker Hannifin Corp. Ltd Benefit Fund*, Case No. 20130173, by filing a Complaint to recover benefits provided by Defendant. Parker Hannifin Corporation was not served at that time, and has not been formally served as of yet.

2. On or after December 5, 2013, Liberty Mutual Group, Inc. was served with a Summons and a copy of Plaintiff's Complaint. On or around December 11, 2013, Liberty Mutual Group, Inc. tendered the defense of this case to Parker Hannifin Corporation, and forwarded a copy of the Summons and Complaint to Defendant. Copies of the summons and Plaintiff's Complaint are attached as Exhibit A.

3. This Notice of Removal is being filed within 30 days of Parker Hannifin Corporation's receipt of the Summons and the Complaint, and, thus, it is timely filed pursuant to 28 U.S.C. § 1446(b).

4. Defendant is entitled to remove this action to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as the claims asserted in Plaintiff's Complaint arise under the laws of the United States.

5. Without admitting that Plaintiff's Complaint states any claim for relief, which Defendant denies, Plaintiff "brings this action to recover benefits due for Disability Pension payments under the terms of the Parker Hannifin Corporation's Plan, (hereinafter "the Plan"), administered and paid pursuant to the provisions of the Employee Retirement Security Act, 29 U.S.C. § 1001 *et seq.* (hereinafter "ERISA"), and particularly 29. U.S.C. § 1332 (a)(1)(B)." (See Plaintiff's Complaint ¶ 3.) Plaintiff also claims in her Complaint that "Defendant breached its contractual and fiduciary duties by failing to consider the Social Security file applicable to this matter and failing to allow Bible to appeal the decision to deny her pension benefits." (See Plaintiff's Complaint ¶ 19.) Plaintiff admits in her Complaint that Defendant's Plan is an "employee welfare benefit plan" as defined 29 U.S.C. § 1002(1). (See Plaintiff's Complaint ¶ 7.)

6. The claims asserted by Plaintiff relate to an employee welfare plan, and as such, they are preempted by federal law. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S. Ct. 2488, 2496, 159 L.Ed.2d 312 (2004) ("Thus, the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule…. Hence, 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" (Citations omitted.) The civil-enforcement

provision of ERISA, 29 USC § 1132, allows a participant or beneficiary to sue in order "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify the rights to future benefits under the terms of the plan." 29 USC § 1132 (a)(1)(B). "Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53, 107 S. Ct. 1549, 95 L.Ed. 2d 39 (1987). The relief sought in this action includes benefits due and/or a declaratory judgment on entitlement to benefits and/or breach of fiduciary duties under ERISA. As such, Plaintiff's claims are preempted by ERISA and removal is proper.

7. Defendant is also entitled to remove this action to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists between the parties and Plaintiff asserts claims that, if proven, exceed $75,000, exclusive of interest and costs.

8. According to the Complaint, Plaintiff is a citizen and resident of Greene County, Tennessee. (See Plaintiff's Complaint ¶ 1). Defendant Parker Hannifin Corporation is an Ohio corporation, with its principal place of business located in Cleveland, Ohio. Thus, complete diversity exists between the parties under 28 U.S.C. § 1332.

9. While Plaintiff does not specifically plead the amount of damages that she is seeking, the amount in controversy claimed by Plaintiff exceeds $75,000. More specifically, Plaintiff seeks to recover benefits under the Plan and further claims that Defendant breached its fiduciary duties, responsibilities, and obligations imposed on it under ERISA. Plaintiff also seeks prejudgment interest, costs of this suit, and reasonable attorney fees.

10. Nothing in this Notice of Removal should be construed as an admission or acknowledgment of liability or that Plaintiff is entitled to any damages.

11. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after the receipt by Defendant of a copy of the initial pleading in this matter.

12. Concurrent with the filing of this Notice of Removal, written notice of the filing of the Notice of Removal is being sent to counsel for Plaintiff, as required by 28 U.S.C. §1446(d) (attached as Exhibit B).

13. A true and accurate copy of this Notice of Removal is also being filed with the Clerk of Court for the Chancery Court of Greene County, Tennessee, as required by 28 U.S.C. § 1446(d) (see Exhibit B).

Wherefore, Defendant respectfully requests that the action pending against it in the Chancery Court of Greene County, Tennessee be removed therefrom to this Court.

Respectfully submitted,

/s/ Elizabeth S. Washko
Elizabeth S. Washko #019931
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
401 Commerce Street
Sun Trust Plaza, Suite 1200
Nashville, TN 37219-2446
(615) 254-1900
liz.washko@ogletreedeakins.com

Bruce G. Hearey, OH (pending pro hac admission)
Amanda T. Quan, OH (pending pro hac admission)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
127 Public Square
4130 Key Tower
Cleveland, OH 44114
Telephone: 216.241.6100
Facsimile: 216.357.4733

**ATTORNEYS FOR DEFENDANT PARKER HANNIFIN CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of January, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Jonathan Sevier Cave (BPR# 027139)
The Cave Law Firm, PLLC
104 N. College Street
Greenville, TN  37743
(423) 638-5892

/s/ Elizabeth S. Washko _____

16200100.1