UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


ALICE BIBLE,                                  )
                                              )
                                              )
v.                                            )    NO.: 2:14-CV-05
                                              )
PARKER HANNIFIN CORP. LTD                     )
BENEFIT FUND                                  )

## ORDER

This Employer Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, case is before the Court to consider the Report and Recommendation ("RR") of the United States Magistrate Judge dated March 20, 2015. In that RR, the Magistrate Judge recommends that the plaintiff's motion for summary judgment, [Doc. 17], be denied and that the defendant's motion for summary judgment, [Doc. 16], be granted. The plaintiff has filed objections to this recommendation, [Doc. 28], and the defendant filed a response, [Doc. 29]. Specifically, the plaintiff makes the following objections:

> 1. While the Nurse Case Manager was disclosed after the commencement of litigation, federal regulation requires such disclosure during the administrative appeals process;
>
> 2. The Magistrate Judge incorrectly ruled that the Defendant had a reasonable basis to conclude that Ms. Bible could find employment as a Small Products or Electronics Assembler; and
>
> 3. The Magistrate Judge incorrectly ruled that the Defendant's exclusive reliance on the opinion of a physician that never physically examined Ms. Bible was arbitrary and capricious.

[Doc. 28, pgs. 1-3].

After careful consideration of the record as a whole, and after careful *de novo* consideration of the Report and Recommendation of the United States Magistrate Judge, for the reasons set out in that Report and Recommendation which are incorporated by reference herein, and for the reasons stated below, it is hereby ORDERED that the plaintiff's objections are OVERRULED, [Doc. 28], that this Report and Recommendation is ADOPTED and APPROVED, [Doc. 27], that the plaintiff's motion for summary judgment, [Doc. 17], is DENIED, and that defendant's motion for summary judgment, [Doc. 16], is GRANTED.

First, the plaintiff argues that the magistrate judge erred when he found that the plaintiff received a reasonable opportunity for a full and fair review even though the Nurse Case Manager's identity was not disclosed **during** the appeals process. *See* 29 C.F.R. § 2560.503-1(h)(3)(iii), (iv). Admittedly, 29 CFR § 2560.503–1(h)(3)(iv) does not explicitly contain a request requirement from the claimant, while 29 CFR § 2560.503–1(h)(2) (iii) does. Subsection (h)(3)(iv) requires "[t]he claims procedures" of a group health plan to "[p]rovide for the identification of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination." 29 CFR § 2560.503–1(h)(3)(iv). Many district courts have concluded that a plan with procedures that "provide[ ] for" the identification of these experts upon request satisfies the regulation; the regulations do not require explicit disclosure of those experts in the denial letter. *See, e.g., Walker v. Kimberly–Clerk Corp.*, No. 1:08CV146–SA–JAD, 2010 WL 611007, at * 10 (N.D. Miss. Feb.17, 2010) ("The regulation does not explicitly require those names to be reported to the claimant, only that a procedure for obtaining the medical consultant's identity be available."); *Orr v. Metro. Life Ins. Co., Inc.*, No. 1:CV–04–0557, 2007 WL 2702929, at *15 (M.D. Pa. Sept. 13, 2007) ("We do not

2

read the regulation, however, to require explicit disclosure of such individuals in a denial letter."); *Agnew v. Verizon Wireless Short Term Disability Plan*, No. 8:06–2159, 2007 WL 1120411, at *4 (D.S.C. Apr.13, 2007) ("[T]he claims procedures of the Plan clearly provided for the identification of medical experts whose advice was obtained on behalf of the plan in connection with an adverse benefit determination. . . . Therefore, Agnew's argument that the Plan did not provide for the identification of medical experts is without merit.") (citation omitted); *Provencio v. SBC Disability Income Plan*, No. SA–05–CA–0032–WWJ, 2006 WL 3927168, at *8 (W.D. Tex. Dec.6, 2006) ("Provencio reads this regulation as a requirement that the plan administrator identify the plan's medical expert directly to the claimant, before the conclusion of an administrative appeal. The express language of the regulation, however, merely requires the plan administrator to 'provide for' the identification of a medical expert."); *see also Lafleur v. La. Health Serv. & Indem. Co.*, 563 F.3d 148, 156 (5th Cir. 2009) (finding the fiduciary failed to comply with 29 CFR § 2560.503–1(h)(3)(iv) because it did not identify the medical expert relied upon after the plaintiff "specifically requested" the information prior to the pendency of the administrative appeal).

Here, the Plan provides a procedure for obtaining the identification of health care professionals who were consulted on the claim. Plaintiff never requested such information prior to filing her suit. The defendant did not deprive plaintiff a "full and fair review" of its claim because the identification was disclosed after the appeals process. *See Balmert v. Reliance Standard Life Ins. Co.*, 601 F.3d 497, 502–03 (6th Cir. 2010); *Maynor v. Hartford Life Group Ins. Co.*, No. 2:07-CV-244, 2009 WL 2601866, at *7 (E.D. Tenn. Aug. 20, 2009).

Moreover, relief for a violation of § 1133 is equitable. 29 U.S.C. § 1132(a)(3). The appropriate remedy would not be the damages sought by the plaintiff. Rather, at best, the

3

plaintiff would be entitled to a remand to allow the plaintiff to pursue the merits of her claim. *See Wenner v. Sun Life Assurance Co. of Canada*, 482 F.3d 878, 883–84 (6th Cir. 2007) ("A plaintiff denied any benefits at all has no expectation of receiving them unless her claim is meritorious, and thus returning her to the status quo prior to the § 1133 violation requires only curing the procedural violation so that she may fairly pursue the merits of her claim."). Because the Court concludes the defendant substantially complied with the twin purposes of § 1133, remand is not necessary. *See Dutton v. Unum Provident Corp./The Paul Revere Co.*, 170 F.Supp.2d 754, 761 (W.D. Mich. Sept. 27, 2001) ("[T]he Sixth Circuit noted in *Kent* that remand would not be required where it would represent a 'useless formality.' ") (quoting *Kent v. United of Omaha Life Ins. Co.*, 96 F.3d 803, 807 (6th Cir.1996)).

Second, the plaintiff essentially argues the magistrate judge's decision was in error because the Physical Work Performance Evaluation ("PWPE") conflicts with plaintiff's Vocational Case Management: Transferable Skills Analysis ("TSA"). The PWPE defines "light work" and states that "a job should be rated Light Work: . . . when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible. Note: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible." [Doc. 14-2, pg. 159]. The PWPE also concludes that the plaintiff cannot maintain light work for a 8-hour day/40-hour week. It further states that the plaintiff could work a 40-hour week if allowed to work at the sedentary level. [Doc. 14-2, pg. 159].

The TSA states that that "the capacities identified in the [PWPE] will be used for this report," [Doc. 14-2, pg. 156]. It finds that there are certain occupations the plaintiff can perform,

4

including small products assembler, electronics assembler and cashier, [Doc. 14-2, pg. 157]. It further states that "[t]hese occupations are consistent with [the plaintiff's] training, education, and experience; and are within the physical capacities outlined by [the PWPE], [Doc. 14-2, pg. 157].

The plaintiff argues, without any citation to authority, that these occupations fall in the light work category instead of the sedentary category because they require work at a production work pace, [Doc. 28, pg. 3]. While this may be a valid assumption, it is just that—an assumption. The plaintiff cites nothing in the record that outlines the duties of these occupations. Furthermore, the plaintiff supplies no evidence that the statements contained in the TSA that it considered the restrictions of the PWPE in finding these occupations is false. The PWPE clearly states plaintiff is capable of sedentary work, and the TSA clearly states it considered this limitation in its analysis. This argument is without merit.

Third, the plaintiff argues that the magistrate judge erred in ruling that defendant's reliance on a physician's opinion who never physically examined her instead of crediting the treating physician renders the decision arbitrary and capricious. The plaintiff's own treating physician, however, presented completely contradictory opinions as to her condition just two days apart. The defendant's reviewing physician considered all of the medical evidence and even spoke with the plaintiff's treating physician. The magistrate judge considered all of this and more when he determined that the decision to deny benefits was reasonable and well supported by the weight of the administrative record. When this is the case, there is no need for an independent medical examination. This Court agrees with the magistrate judge that under the arbitrary and capricious standard, the decision to deny benefits should be upheld.

5

As stated above, it is hereby ORDERED that the plaintiff's objections are OVERRULED, [Doc. 28], that this Report and Recommendation is ADOPTED and APPROVED, [Doc. 27], that the plaintiff's motion for summary judgment, [Doc. 17], is DENIED, and that defendant's motion for summary judgment, [Doc. 16], is GRANTED.

E N T E R:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
